76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lester Dolores NUNEZ-RAMOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70828.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lester Dolores Nunez-Ramos, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an Immigration Judge ("IJ") denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's factual findings supporting its decision to deny asylum, as well as the BIA's denial of an alien's petition to withhold deportation, for substantial evidence. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). We will reverse the BIA's decision only if the applicant presents evidence that is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 Applicants seeking asylum must establish either past persecution or a well-founded fear of future persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Applicants claiming a well-founded fear of future persecution must demonstrate both a "genuine subjective fear and a reasonable possibility of persecution." Berroteran-Melendez, 955 F.2d at 1256. The objective component requires applicants to produce credible, specific and direct evidence in the record, of facts showing that they have a reasonable fear of persecution. Id.
 
 
 5
 Nunez-Ramos contends that the BIA violated his Fifth Amendment procedural due process rights when it summarily dismissed his first contention under 8 C.F.R. § 3.1(d)(1-a)(i)(A) for lack of specificity. This contention lacks merit.
 
 
 6
 Here, Nunez-Ramos listed four separate grounds of error in his notice of appeal to the BIA. Nunez-Ramos's first contention was that the IJ had abused his discretion in denying him asylum, and it constituted a general characterization of Nunez-Ramos's remaining contentions. The BIA's summary dismissal of this contention did not dispose of the entire appeal, because the BIA subsequently conducted a de novo review of Nunez-Ramos's remaining contentions and found him statutorily ineligible for asylum. We therefore reject Nunez-Ramos's contention that the BIA violated his procedural due process rights when it summarily dismissed his first contention.
 
 
 7
 Nunez-Ramos contends that the BIA's decision denying him asylum is not supported by substantial evidence. Nunez-Ramos testified that he fears persecution from the Sandinistas because of his political opinion. Specifically, Nunez-Ramos stated that, when he worked as a payroll official for the Sandinista National Assembly ("SNA") in 1988, he told the director that he disliked the government's misuse of public funds. Nunez-Ramos claimed a well-founded fear of persecution because (1) the SNA director threatened to jail him when he tendered his resignation; and (2) his father was previously jailed by the Sandinistas in 1983 and 1985.[1]
 
 
 8
 Here, substantial evidence in the record supports the BIA's determination that Nunez-Ramos failed to present specific evidence to support an objectively reasonable, well-founded fear of future persecution. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). First, the BIA found that the SNA director had not threatened to jail Nunez-Ramos when he tendered his resignation, but had instead stated that he would not immediately accept the resignation. Nunez-Ramos testified that he feared the Sandinistas would retaliate against him if he resigned from the SNA and attempted to leave Nicaragua. Nunez-Ramos testified that a co-worker told him that the SNA director had told other government officials to deny him a visa for at least two years. The record, however, indicates that the government had already granted Nunez-Ramos an exit visa for completing his military service and that the government did not prevent him from leaving Nicaragua in 1989. Thus, Nunez-Ramos's "mere apprehension" of persecution does not support a well-founded fear of persecution. See Ramos-Vasquez, 57 F.3d at 861; see also Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986).
 
 
 9
 Second, the BIA found that Nunez-Ramos failed to show that his father's imprisonment by the Sandinistas established a pattern of persecution closely tied to Nunez-Ramos's political opinion. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Specifically, the record indicates that Nunez-Ramos's father was jailed once in 1983 for suspicion of illegally possessing weapons and once in 1985 for sabotaging a company. These arrests, therefore, occurred well before Nunez-Ramos started working for the SNA in 1988 and do not support a well-founded fear of persecution. See id.
 
 
 10
 In light of the record, we do not believe that the evidence presented by Nunez-Ramos would compel a reasonable factfinder to conclude that he possessed a well-founded fear of persecution. See Prasad, 47 F.3d at 340. Accordingly, we conclude that substantial evidence in the record supports the BIA's decision affirming the IJ's order denying asylum to Nunez-Ramos. See Diaz-Escobar, 782 F.2d at 1493.
 
 
 11
 Because Nunez-Ramos failed to meet the lower standard required to obtain asylum, we affirm the BIA's decision denying his application for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address the BIA's finding that Nunez-Ramos did not suffer past persecution because Nunez-Ramos has not raised this issue in his petition